IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

       Plaintiff,

v.

$99,633.00 IN UNITED STATES CURRENCY,

       Defendant.
_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

       The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Elizabeth Young, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G (2), states:

### JURISDICTION AND VENUE

       1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801, *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

       2.    Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and all acts described herein occurred, in the District of Colorado.

### DEFENDANT PROPERTY

       3.    Defendant property is more fully described as:

          a.    $99,633.00 in United States currency seized on March 13, 2019

during a traffic stop of a vehicle driving westbound on Interstate 70 near the Colorado/Utah border. Defendant $99,633.00 in United States currency is currently being held by the United States Customs and Border Protection in Portland, Oregon.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the investigations and observations of fellow law enforcement officers as reported to me.

4. On March 13, 2019, a deputy with the Mesa County Sheriff's Office conducted a traffic stop on a vehicle heading westbound on Interstate 70 near the Colorado/Utah Border. The deputy is a trained criminal interdiction officer assigned to the Western Colorado Drug Task Force. The deputy conducted a traffic stop because the car veered out of its lane onto the shoulder, continuing to drive on the shoulder for 200 yards.

5. The officer approached the car and asked the driver for his license and vehicle paperwork. There were two people in the car, Aaron Vigil, the driver, and Sean Tacinas, a passenger.

6. While the officer reviewed the paperwork, he asked Vigil and Tacinas where they were going. Vigil answered that they were headed to Las Vegas, Nevada, for a few days for vacation until Tacinas had to be back at work. When Vigil responded, Tacinas quickly turned his head and stared at Vigil with a surprised look on his face.

7. The Rental Agreement for the car stated that it was rented in Denver and was to be returned in Costa Mesa, California, on March 14, 2019, the following day. When the officer confronted Vigil about this discrepancy, Vigil changed his story and said that

he was dropping Tacinas off in Las Vegas before continuing on to California to stay with his family for a few days.

8. The officer asked why the two decided to drive instead of fly. Vigil answered that he had rented the car before knowing that a storm was coming. Vigil also said they just wanted to drive. The deputy asked how they were getting home and both Vigil and Tacinas said they would fly back. However, when the deputy asked them if they had a reservation to fly home, both Vigil and Tacinas said they did not.

9. The deputy asked Vigil if there were any drugs, weapons, or large amounts of cash in the vehicle. Vigil responded that he had a marijuana vape pen and that he had under $3,000.00 in cash in the car with him. Vigil then showed the deputy a bundle of cash with a rubber band wrapped around it in the center console and another bundle of cash from a backpack in the back seat.

10. Vigil gave the deputy consent to search his car and the deputy found two suitcases in the back of the car. The deputy asked if he could look inside the suitcases and Vigil opened them and took out the top layer of clothes.

11. Vigil became agitated when the deputy looked beneath the bottom layer of clothes and found a United States Postal Service box. Vigil stated that the box contained gun parts that he was going to mail when he got to California. The deputy asked Vigil for and received permission to open the box. Inside the box were two vacuum-sealed, foil wrapped envelopes containing defendant $99,633.00[1] in United States currency.

12. Agents with Homeland Security Investigations (HSI) arrived on scene to assist in the seizure.

---

[1] One counterfeit $50.00 bill was found within the cash.

13. Vigil stated that the defendant currency was his life savings from 15 or 16 years of work, but could not guess how much money was in the envelopes. Vigil told the officers that he would abandon the money if he was not placed under arrest. The HSI agents explained to Vigil that he should not relinquish claim to money if it was legitimately his, and that he was not being placed under arrest and was free to go.

14. While an HSI Agent was retrieving documents from his vehicle, including a custody receipt, Vigil asked the deputy who pulled him over if he was free to leave. The deputy confirmed that he was free to leave. Vigil got into his car, illegally cut through the median and headed back eastbound before the HSI Agent was able to give Vigil a custody receipt for the defendant currency.

15. The defendant currency was brought to the HSI Grand Junction office. There a certified narcotics detection canine[2] positively alerted to the odor of narcotics on the defendant currency.

16. Colorado state wage records show that Aaron Vigil has gaps in employment and no reported wages since the third quarter of 2015 when his reported wages were $1,152.00. The wage records further show that from the third quarter of 2013 through the first quarter of 2015 Aaron Vigil worked at American Furniture Warehouse. Vigil's reported wages for that job are as follows: $4,468.59; $6,710.96; $7,016.00; $7,336.92; $7,230.28; $7,406.72; and $4,665.44. During the third and fourth quarters of 2013, Vigil also reported wages of $1,078.93 from another employer. Prior to 2013, Vigil has reported wages in Colorado in the fourth quarter of 2009 ($3,775.00) and the first quarter of 2010 ($635.00). Total 2009 reported wages were $3,775.00; total 2010 reported wages were $635.00;

---

[2] The canine is trained and certified to detect the odor of cocaine, heroin, and methamphetamine

total 2011 reported wages were $0; total 2012 reported wages were $0; total 2013 reported wages were $13,337.41; total 2014 reported wages were $28,989.92; and total 2015 reported wages were $5,817.44.

17.  Based on the facts and circumstances described above, there is reasonable cause to believe that defendant $99,633.00 in United States currency is forfeitable as proceeds traceable to an exchange of a controlled substance and/or is money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*

## VERIFICATION OF BENJAMIN DONAHUE
## SPECIAL AGENT, HOMELAND SECURITY INVESTIGATIONS

I, Special Agent Benjamin Donahue, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

*[signature]*
Benjamin Donahue
Special Agent – HSI

STATE OF COLORADO    )
                     ) ss
COUNTY OF DENVER     )

The foregoing was acknowledged before me this 18 day of July 2019 by Benjamin Donahue, Special Agent, Homeland Security Investigations.

MICHELLE ZAMBRANO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #20164035632
My Commission Expires September 14, 2020

*[signature]* Michelle Zambrano
Notary Public - Colorado
My Commission Expires: 9-14-2020

## **FIRST CLAIM FOR RELIEF**

1.      The Plaintiff repeats and incorporates by reference the paragraphs above.

2.      By the foregoing and other acts, defendant $99,633.00 in United States currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq*.  Therefore, defendant $99,633.00 in United States currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for an entry of final order of forfeiture for the defendant property in favor if the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probably cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 19th of July 2019.

                                              Respectfully submitted,

                                              JASON R. DUNN
                                              United States Attorney

By:   s/ *Elizabeth Young*
        Elizabeth Young
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0402
        E-mail: Elizabeth.Young2@usdoj.gov
        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

*s/ Jasmine Zachariah*
FSA Data Analyst
Office of the U.S. Attorney